1  ELIZABETH A. SPERLING - State Bar No. 231474
    esperling@glaserweil.com
2  ALINA GATTO - State Bar No. 341169
    agatto@glaserweil.com
3  **GLASER WEIL FINK HOWARD**
     **JORDAN & SHAPIRO LLP**
4  600 W. Broadway, Suite 2850
   San Diego, CA 92101
5  Telephone:  (619) 765-4380
   Facsimile:   (619) 732-3498
6
7  Attorneys for Plaintiff
   JOHN DOE
8

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>VAIDYAJI PRIYANKA, AKA PRIYA RAVI, AKA PRIYA GANESH RAVI, AKA PRIYANKA VAIDYA, an individual; AUM AYURVEDA, d/b/a AUM CUISINE, d/b/a AUMCUISINE, d/b/a AUM VEDIC WELLNESS, a business of unknown type or origin; AUM SACRED ART, LLC, a California limited liability company, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 5:25-cv-6465<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Filed concurrently with Declaration of John Doe and (Proposed) Order] |

## I. MOTION

Plaintiff John Doe, by and through his undersigned counsel, respectfully moves this Court for an order permitting him to bring this action anonymously and to protect his identity, as well as that of his family members, from public disclosure pursuant to a protective order barring further dissemination of such information and requiring that any documents containing Plaintiff's, his spouse's, his children's, and his family members' names or that reflect their identities be filed under seal. Granting Plaintiff's motion will not prejudice Defendants' ability to defend themselves in this litigation. Plaintiff submits the following brief in support of his motion.

## II. RELEVANT BACKGROUND

This is an action brought by a father against a cult, AUM Ayurveda d/b/a AUM Cuisine, d/b/a AUMCuisine, d/b/a AUM VEDIC WELLNESS (collectively "AUM"), and its leader, Vaidyaji Priyanka aka Priya Ravi aka Priya Ganesh Ravi aka Priyanka Vaidya ("VP"). The cult and its leader have, through a complex scheme and pattern of manipulation, brainwashing, and quite possibly drugging, destroyed Plaintiff's family and forcibly separated his two young daughters from their father. Ever since Plaintiff's wife, Jane Doe 1, became entrenched in the cult in 2022, its leader and her associates have controlled every aspect of the lives of Plaintiff's minor children, Jane Doe 2 and Jane Doe 3, forcing them to move across the country, forcing them to change schools, isolating them from their friends and family, changing their plans for the future, and dictating every major aspect of their lives including what they may eat, where they live, who they may speak with, who they may be friends with, where they may apply to college, and where they must go to school. VP has had exclusive custody over Jane Doe 2, the eldest daughter and a minor, since 2023 and has forbidden her from returning home to Texas, speaking with, or seeing her father since then. VP also now has custody over Jane Doe 3 also a minor and similarly has prevented Plaintiff from seeing her since then. Jane Doe's sister, Jane Roe, and brother, John Roe, are also entrenched in the cult.

The action is brought by a father who is desperate for his children to be returned to him and to hold the leader of the cult and her associates accountable for the devastation they have caused in destroying his family. As a result, the Complaint contains intimate details regarding Plaintiff's minor daughters' lives while under the influence of the cult, including false diagnoses made by the cult as part of their playbook of manipulation. Plaintiff seeks to protect his daughters and prevent their identities from being publicized to the world, as his daughters are innocent victims of this cult and should not be punished for the actions of others who have taken advantage of their vulnerable situation.

In order to ensure the anonymity of his minor daughters, Plaintiff seeks to proceed anonymously as well as to anonymize the names of other family members mentioned in the Complaint and throughout this lawsuit, including his wife and her brother and sister throughout this case. Identifying Plaintiff's and his spouse's and his in-laws' names, or even their initials, combined with various details in the Complaint such as where they reside, where they have been living over the last two years, where the minor children go to school, the people in whose custody and care they have been for the last few years, the fact that there is a pending divorce case between Plaintiff and his wife in Texas, are all details that make his daughters' identities easily identifiable. (*See* Declaration of John Doe, "John Doe Decl." ¶ 8.)

Plaintiff provided Defendants VP, AUM, and AUM Sacred Art, LLC with pre-filing notice of intent to file this lawsuit and enclosed the draft complaint. They responded through counsel and have already made numerous threats of retaliation against Plaintiff. (*Id*., ¶ 3) Accordingly, Defendants are aware of Plaintiff's identity and know exactly who is involved in this case. Thus, there is no prejudice to Defendants or their ability to defend themselves in this litigation. Tellingly, however, after receiving the pre-suit letter, VP called and harassed a former cult member, accusing that person of assisting Plaintiff and making threats and engaging in intimidating behavior. (*Id.* ¶ 3.) VP had also previously threatened to contact Plaintiff's employer

1  with false, slanderous, and highly inflammatory allegations. (*Id.* ¶ 6.) VP threatened to
2  interfere with Plaintiff's job and to cost him his home and employment. (*Id.*) VP has
3  also implanted false memories and ideas of suicide and homicide in the minor children
4  which Plaintiff believes will, along with other retaliatory actions, increase in severity
5  if his and their mother's identity — and correspondingly, theirs — are made public,
6  making them easily identifiable and placing them in further danger. (*Id.* ¶ 7.)

This motion will also serve to protect Plaintiff and his family from the likely harassment and retaliation they would suffer from the cult, its leader and her associates if their identities were made public. The cult's history of manipulation and threats demonstrates that Plaintiff's fear of retaliation, harassment, and embarrassment is well-founded. The substantial privacy interests of the minors and the traumas they have suffered and continue to endure substantially outweighs the public interest in knowing their and their parents' identities.

### III.  ARGUMENT

#### A.  There Is Good Cause To Issue A Protective Order And Allow Plaintiff To Proceed Anonymously.

Although Federal Rule of Civil Procedure 10(a) requires that the title of a complaint "include the names of all the parties," Federal Rule of Civil Procedure 5.2(a) states that a filing with the name of an individual known to be a minor may include only the initials of the minor. Furthermore, the Ninth Circuit has held "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. Cal. 2000). Courts allow parties to use pseudonyms when nondisclosure of the party's identity is necessary to protect a person's privacy and "to protect a person from personal embarrassment, harassment, injury, or ridicule." *Id.* In particular, pseudonym status is granted when it is necessary

"to protect a person from harassment, injury, ridicule, or personal embarrassment." *Id.* at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)).

For good cause, the Court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Thus, when a plaintiff shows a need for anonymity, "the court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) 'to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *J.C. v. Choice Hotels Int'l, Inc.,* No. 20-CV-00155-WHO, 2021 WL 1146406, at *2 (N.D. Cal. Mar. 4, 2021) (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.,* 596 F.3d 1036, 1042 (9th Cir. 2010)). Trial courts have broad discretion under Rule 26(c) to decide the appropriateness of a protective order. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2002).

In balancing the need to proceed anonymously, courts must use "informed discretion" and consider all relevant factors. *James v. Jacobson,* 6 F.3d 233, 242 (4th Cir. 1993). Courts routinely find that preserving a plaintiff's privacy interests substantially outweighs the public's interest and risk of unfairness to the defendant when there are "sensitive and highly personal" issues and when "identification poses a risk of retaliatory physical or mental harm to the requesting party." *Id.* at 238; *Advanced Textile,* 214 F.3d at 1068; *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir. 1992) (same); *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004) (considering "whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'" (citing *Doe v. Stegall,* 653 F.2d 180, 185-86 (5th Cir. 1981))); *Doe v. I.N.S., U.S. Dep't of Just.,* 867 F.2d 285, 286 n. 1 (6th Cir. 1989) (permitting anonymity "to protect the petitioner's family ... from possible reprisals").

When, as here, retaliation is a concern, courts rely on five factors to balance whether a party should be permitted to proceed anonymously: (1) the severity of the

threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party and whether such prejudice can be mitigated, and (5) the public interest in revealing the anonymous party. *Advanced Textile,* 214 F.3d at 1068. All of these factors here weigh strongly in favor of anonymity.

Here, pseudonym status is warranted because it is necessary to protect Plaintiff and his family from harassment, injury, ridicule, and personal embarrassment. Furthermore, preserving Plaintiff and his family's privacy interests substantially outweighs the public's interest and risk of unfairness to the Defendants because the details of the Complaint are highly sensitive and highly personal to the family and especially the minor children. Even using the minors' initials pursuant to FRCP 5.2(a) would easily reveal their identities given all of the details in the Complaint, including their names or initials of their parents, their aunts, uncles, and grandfather, Plaintiff's residence, their parents' pending divorce, where the girls go to school and reside, the cult, other cult members, and various details of the children's lives. More personal details will inevitably be revealed in discovery as well. Moreover, there is a real risk of harassment and retaliation by the cult against Plaintiff and his family as detailed below.

**B.     Disclosure Of Plaintiff's Identity Would Reveal Information That Is Of A Highly Sensitive And Personal Nature, Putting Him And His Family At A Substantial Risk Of Harm.**

Plaintiff has a substantial privacy right in guarding sensitive information about his minor daughters and protecting them from unwanted attention, stigma, personal embarrassment, and disclosure of their highly sensitive and personal information. The abuse and manipulation that Plaintiff's daughters have suffered as victims of this cult are highly sensitive and personal, and if this information is revealed publicly, there is a substantial risk of harm to Plaintiff and his family members.

"[T]he youth" of minors is "a significant factor in the matrix of considerations for anonymity." *Stegall,* 653 F.2d at 186. The Complaint contains details about mental

health diagnoses, sexual orientation, gender identification, sexual abuse, and other highly sensitive topics regarding minor children. Discovery and motions and documents that will be filed throughout this case will delve into these issues. It would be unjust to allow this private information regarding children to be publicized in order to hold the cult and its leader accountable. Furthermore, there is a substantial risk of harm to Plaintiff and his family members, as exhibited by threats already made by VP. Plaintiff sent letters to Defendants VP, AUM, and AUM Sacred Art, LLC informing them that he planned to file this lawsuit and attaching a draft complaint. (*See* John Doe Decl. ¶ 2.) After receiving the letter, VP called and harassed a former member of the cult who she accused of assisting Plaintiff with the letter and complaint. (*Id.* ¶ 3.) This experience has caused the former member to live in fear of retaliation of VP. (*Id.* ¶ 4.) VP also made numerous threats to Plaintiff. (*Id.* ¶ 3.) If Plaintiff is not permitted to proceed anonymously in this action, he fears that the public disclosure of his identity will encourage VP, as well as many of her followers, to retaliate against him and his children for questioning the cult's behavior, which will further jeopardize the family's physical and mental wellbeing. (*Id.* ¶¶ 5-7.) This is especially so given that the children are still under the cult's custody and control. (*Id.* ¶ 7.)

The risk of harm to the children and to Plaintiff is severe given the previous threats and actions taken by Defendants. Plaintiff's fear is reasonable and justified given the multiple threats that have already been made before this filing, and Plaintiff and his family are particularly vulnerable to retaliation given that the children have already been separated from their father and are in the custody of the cult at this time. *See Advanced Textile,* 214 F.3d at 1068.

As detailed below, there is no prejudice to the opposing party and any public interest in revealing Plaintiff and his family's identities is unjustified and substantially outweighed by Plaintiff and his family's privacy interests.

/ / /

/ / /

**C.   There Is A Weak Public Interest In Knowing The Identity Of Plaintiff.**

"The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Stegall,* 653 F.2d at 185. "The public right to scrutinize governmental functioning ... is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself." *Id.* (citing *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980). "Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them ... [and] [t]he assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Stegall,* 653 F. 2d at 185.

Here, the public interest is not harmed by allowing the Plaintiff to proceed anonymously, and the interest itself is a weak one. Plaintiff's daughters are minor victims of a cult and should not have their personal information disclosed in a public manner.  If Plaintiff is not permitted to proceed anonymously, and his name as well as the name of his wife, sister-in-law and brother-in-law are public in this lawsuit along with where they reside and go to school, along with other details, it will readily make the identity of his minor daughters identifiable. Plaintiff fears for his safety as well as the safety of his family if his name is revealed to the public.  Furthermore, Defendants will not be prejudiced, as they are already aware of Plaintiff's identity.

Plaintiff is seeking to proceed anonymously for himself as well as his family members, and requiring that all future filings identifying them be filed under seal. Plaintiff requests relief preventing Defendants from using or publishing Plaintiff's or his family's names or indicia of their identities in any manner that will compromise their wellbeing. Plaintiff should not be compelled to disclose his identity to maintain his privacy and safety as his privacy interest, and that of his family and especially his minor daughters, substantially outweigh the customary practice of judicial openness.

Instead, the greater public interest would be significantly harmed if identifying Plaintiff and his family members resulted in an overall chilling effect upon victims bringing lawsuits against cults and their leaders. Measures that may have a chilling effect on a party's willingness to litigate "violations of statutes are generally considered against public policy." *See Advanced Textile,* 214 F. 3d at 1073. Denying victims of cults anonymity in circumstances like these would only further allow cults and their leaders to continue without abatement.

### D. Granting Plaintiff's Motion Will Not Compromise Defendants' Ability To Present A Full Defense.

Defendants will not be prejudiced by the granting of Plaintiff's anonymity and requirement to file identifying information under seal. Plaintiff has already provided his identity to Defendants (*see* Decl. of John Doe), so they are not at a disadvantage. They know exactly the identities of all the parties involved. Nothing about preventing them from publicly disclosing the identities and details of Plaintiff and his family members' lives would prevent Defendants from presenting a full defense while using pseudonyms.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests this Court grant his motion to proceed in this action anonymously under the pseudonym "John Doe." Plaintiff further requests leave to refer to his wife as "Jane Doe 1," his minor daughters as "Jane Doe 2" and "Jane Doe 3," his sister-in law as "Jane Roe" and his brother-in-law as "John Roe." Plaintiff further requests that all filed materials, judgments, orders, and any other documents in this action be protected from public disclosure pursuant to a protective order barring dissemination of their names and identifying information and requiring that any such documents be filed under seal.

DATED: July 31, 2025

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP

By: */s/ Alina Gatto*
    ELIZABETH SPERLING
    ALINA GATTO
    Attorneys for Plaintiff JOHN DOE