Jon Michaelson, Esq. (SBN: 83815)
jmichaelson@structurelaw.com
Ethan Solove, Esq. (SBN: 308026)
esolove@structurelaw.com
Sonya Tamiry, Esq. (SBN: 312673)
stamiry@structurelaw.com
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendant
Aum Sacred Art, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VAIDYAJI PRIYANKA, AKA PRIYA RAVI, AKA PRIYA GANESH RAVI, AKA PRIYANKA VAIDYA, an individual; AUM AYURVEDA, d/b/a AUM CUISINE, d/b/a AUMCUISINE, d/b/a AUM VEDIC WELLNESS, a business of unknown type or origin; AUM SACRED ART, LLC, a California limited liability company, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | CASE NO. 5:25-cv-06465-PCP<br><br>**DEFENDANT AUM SACRED ART, LLC'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PER FRCP 12(b)(6)**<br><br>Date:　　October 9, 2025<br>Time:　　10:00 a.m.<br>Place.:　Courtroom 8, 4th Floor |

PLEASE TAKE NOTICE THAT on October 9, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard by this Court, Defendant Aum Sacred Art, LLC ("ASA") will move for an order before this Court to dismiss Plaintiff's Complaint for failure to state a claim against it per FRCP 12(b)(6).

The motion is made on the grounds that Plaintiff has not properly pled any of his purported claims for relief, that these failures preclude Plaintiff from proceeding further against ASA, and

1  that all such claims should be dismissed as to ASA with prejudice.

2      This motion is based on this Notice of Motion and the following Memorandum of Points
3  and Authorities, on the records on file herein including but not limited to the Motion to Dismiss
4  and supporting papers filed by Defendants Vaidya Priyanka and Aum Ayurveda, and on such
5  oral and documentary evidence and evidence as may be presented at or before the hearing on the
6  motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    INTRODUCTION

9      Defendant Aum Sacred Art, LLC ("ASA") joins the Motion to Dismiss filed by Vaidya
10 Priyanka and Aum Ayurveda.  *See* ECF 24.  ASA also advances further grounds as set forth
11 below for rejecting all claims included in Plaintiff's Complaint.  Nowhere in his pleading does
12 Plaintiff allege that ASA committed any specified wrongful act.

13     ASA is a California LLC whose members are Jody Parsons and Richard Wong.  The
14 company sells jewelry, clothing, and household items designed and manufactured by artisans
15 from around the world.  ASA is a retailer; it does not design or manufacture anything it sells.

16     No one other than Ms. Parsons and Mr. Wong holds an ownership interest in the LLC.
17 Ms. Parsons and Mr. Wong alone manage the business.  Neither the entity nor its owners hold
18 any interest in or provide labor or services to Aum Ayurveda.

19     ASA sells jewelry designed by Ms. Priyanka, who is one of its many suppliers.  Starting
20 in March 2025, ASA included on its website (www.aumsacredart.com) a feature offering
21 potential customers the opportunity to consult with Ms. Priyanka via Zoom, for a fee, to help
22 select gemstones and jewelry.  To date, no one has accepted this offer.

23     ASA has had no contact and no dealings with Plaintiff.  In November 2024, in two separate
24 transactions, it sold a chain and two necklaces to Plaintiff's wife for a combined total of $745.76.
25 Otherwise, there has been no interchange with the wife and at no point has there been any
26 involvement with the children.  Aside from what they have read in pleadings, neither ASA nor
27 its owners have information as to relationships between Plaintiff and his wife and children.  Nor
28 do they have information about or involvement in any of the alleged interactions described in the

Complaint involving Plaintiff, his family, Ms. Priyanka, Aum Ayurveda, or others.

## II. FACTS PLED AS TO AUM SACRED ART

These are few and far between.

In paragraph 29 of the Complaint (ECF 1), Plaintiff alleges that ASA is a California LLC headquartered in Carmel.

In paragraph 44, Plaintiff makes the conclusory statement that Defendant Aum Ayurveda "operates through a web of various subsidiaries" including ASA. No facts are pled to support the contention that ASA is a subsidiary of Aum Ayurveda.

In paragraph 119, which is part of a lengthy explanation of his involvement with Defendant Aum Ayurveda, Plaintiff alleges that Ms. Priyanka "falsely accused" one of his daughters of attempting to sell jewelry made by Ms. Priyanka and ASA "in order to buy drugs."

And in paragraph 160, as part of his claim for violation of RICO, Plaintiff states in conclusory fashion that Defendant Ms. Priyanka directed, controlled, and participated in an "enterprise" that among many other things "demand[ed] payment for…. jewelry made by ASA…."

That is it. Nowhere in his Complaint does Plaintiff allege that he had any contact or exchanged any communication with ASA, that he entered any transaction with ASA, that he had knowledge of or relied on anything ASA said or did, or that he made any demand on ASA.

## III. APPLICABLE LAW

Basic tenets for application of Rule 12(b)(6) are recited in the motion filed by Defendants Priyanka and Aum Ayurveda. *See* ECF 24 at 7:5-28. Of particular relevance here is the principle that "allegations in a complaint … may not simply recite the elements of a cause of action [and] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. *Levitt v. Yelp! Inc.,* 765 F.3d 1123, 1135 (9th Cir. 2014)(citations omitted). Further, a court may dismiss a claim "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs., L.P. v. Angioli,* 654 F.3d 846, 850 (9th Cir. 2011).

//

IV.     ARGUMENT

The claims against ASA should be dismissed for the reasons set forth in the Motion to Dismiss advanced by Defendants Priyanka and Aum Ayurveda. ASA has additional reasons as follows.

Regarding Plaintiff's first claim, for violation of RICO (Complaint ¶¶138-182), there is no allegation that ASA specifically conspired with anyone to do anything. Nor is there any allegation that ASA made any identified (mis)representation to Plaintiff or to any member of his family, that ASA recommended or provided any "treatment," or that it engaged in mail or wire fraud or anything else that might be construed as a "predicate act." The supposed fact that another defendant "demanded payment" for jewelry supposedly made by ASA (as alleged in paragraph 160) is not sufficient to support a viable RICO charge against ASA. Even if ASA manufactured jewelry (which it never has), this contention is akin to trying to join General Motors as a defendant in a RICO claim involving an automobile theft ring because it manufactured some of the vehicles that were stolen.

As to Plaintiff's second claim, for fraud and undue influence (Complaint ¶¶ 183-195), ASA is not mentioned. Plaintiff has not identified any statement by ASA on which he relied or any basis in fact to believe that ASA did or said anything to cause him (or his wife) supposed duress.

As to Plaintiff's third claim, for constructive fraud (Complaint ¶¶ 196-203), there is no mention of ASA, no facts advanced to establish that ASA had custody of or otherwise owed a duty of care to anyone, and yet again no identification of a particular misleading statement made to Plaintiff or to any member of his family.

As to Plaintiff's fifth claim, for conversion (Complaint ¶¶ 216-221), there is yet once more no mention of ASA, no factual showing that ASA was involved in any supposedly wrongful transaction about which Plaintiff protests, and no facts pled to show that the $745.76 in jewelry purchased by Plaintiff's wife from ASA was misrepresented or not worth the price paid.

As to Plaintiff's sixth claim, for theft by false pretenses (Complaint ¶¶ 222-229), he provides no facts to demonstrate that ASA wrongfully retained and refused to return any sum it

received from him.

As to Plaintiff's seventh claim, for unfair competition (Complaint ¶¶ 230-237), no particular act, practice, or statement of ASA is identified let alone one that could give rise to liability.

As to Plaintiff's eighth claim, for false advertising (Complaint ¶¶ 238-245), there is (and can be) no allegation that ASA made any statement (false or otherwise) to Plaintiff or that ASA made a specific assertion on its website or elsewhere that can be construed as a violation of California Business & Professions Code section 17500. The ASA website is readily available. If it contained any actionable false statement, Plaintiff should have identified that in his Complaint and alleged facts to demonstrate that he relied on it.

As to Plaintiff's ninth claim, for violation of the Bane Civil Rights Act (Complaint ¶¶ 246-257), there is (and can be) no allegation that ASA made a threat aimed at Plaintiff (or anyone else for that matter) or participated in any act relative to Plaintiff's children.

As to Plaintiff's tenth claim, for violation of the Ralph Civil Rights Act (Complaint ¶¶ 258-266), there is (and again can be) no contention that ASA engaged in any act or made any statement that intimidated Plaintiff or his children.

As to Plaintiff's eleventh claim, for violation of the Federal Trade Commission Act (Complaint ¶¶ 267-276), Plaintiff does not mention ASA and fails to identify any specific act or practice by ASA that can be deemed deceptive under the statute.

### V. CONCLUSION

Plaintiff has failed to plead any proper basis to maintain this action against ASA.

Date: August 25, 2025

STRUCTURE LAW GROUP, LLP

By: _____
Jon Michaelson
Attorneys for Defendant
Aum Sacred Art, LLC