Jon Michaelson, Esq. (SBN: 83815)
jmichaelson@structurelaw.com
Ethan Solove, Esq. (SBN: 308026)
esolove@structurelaw.com
Sonya Tamiry, Esq. (SBN: 312673)
stamiry@structurelaw.com
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants
Vaidya Priyanka, Aum Ayurveda, and Aum Sacred Art, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>   v.<br><br>VAIDYAJI PRIYANKA, AKA PRIYA RAVI, AKA PRIYA GANESH RAVI, AKA PRIYANKA VAIDYA, an individual; AUM AYURVEDA, d/b/a AUM CUISINE, d/b/a AUMCUISINE, d/b/a AUM VEDIC WELLNESS, a business of unknown type or origin; AUM SACRED ART, LLC, a California limited liability company, and DOES 1-50, inclusive,<br><br>   Defendants. | CASE NO. 5:25-cv-06465-PCP<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR PERMISSION TO FILE CERTAIN MATERIALS UNDER SEAL** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that Defendants Vaidya Priyanka, Aum Ayurveda, and Aum Sacred Art, LLC ("Defendants"), pursuant to Civil Local Rules 7-11 and 79-5 and Judge P. Casey Pitts' Standing Order for Civil Cases, hereby move for an order allowing Defendants to file certain materials under seal.

//

## ARGUMENT

### I. Legal Standard

A party seeking seal of a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096-1098. When the underlying motion is not more than tangentially related to the merits, the "good cause" standard applies. *Id.* The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). When a party is attempting to keep records attached to a non-dispositive motion under seal, it need only show "good cause." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

### II. Defendants Request To Seal The Subject Documents So As Not To Interfere With The Court's Ability To Decide The Underlying Motion

The subject documents are docket reports and items filed in three actions pending in the Santa Clara County Superior Court: (1) a petition seeking custody and support filed July 11, 2025 by "John Doe"; (2) an application for a domestic violence restraining order against "John Doe" filed August 14, 2025 by his daughter "Jane Doe 2'"; (3) an application for a domestic violence restraining order against "John Doe" filed August 14, 2025 by his daughter "Jane Doe 3"; and (4) two pages from a draft version of a pleading nearly identical to what was later filed as the Complaint in this lawsuit. These documents contain multiple references to "John Doe," "Jane Doe 1," "Jane Doe 2," and "Jane Doe 3" by their actual respective names. These documents also contain additional information that substantiates facts presented and relied upon in Defendants' concurrent Opposition to the Motion for Protective Order and for Leave to Proceed Anonymously advanced by "John Doe" (the "Motion).

All of the subject documents are available publicly through or at the Santa Clara County Superior Court. None are covered by protective order issued by that court or limited in access or distribution by any directive imposed by that court.

Here, the "good cause" standard applies because "John Doe's" Motion is not more than tangentially related to the merits of the case, nor is it dispositive. The specific harm that would result if sealing were denied is that if Defendants were to submit the documents in normal fashion in this litigation, that would render "John Doe's" pending Motion moot by disclosing his actual name and the actual names of his wife and daughters. Although Defendants believe they have the right to submit material found in the public record to this Court without limitation, they do not wish to interfere with the Court's ability to decide "John Doe's" Motion and so ask permission to file the documents under seal. In making this request Defendants also do not suggest that there is any merit to "John Doe's" Motion. There is not.

### III.     The Request To Seal Should Be Granted

#### A.     The Legitimate Private Or Public Interests That Warrant Sealing

The documents outlined above should be sealed because if the information in them is made public in *this* action (it has already been made public in other actions), that would render "John Doe's" motion moot and potentially interfere with the Court's ability to decide the motion. The public has an interest in the courts being able to freely decide motions to further the aims of justice.

#### B.     The Injury That Will Result If Sealing Is Denied

If sealing is denied, "John Doe's" pending Motion would be made moot because his actual name and the actual names of his wife and daughters would be disclosed. The essence of "John Doe's" entire motion is to keep those names hidden and out of the public knowledge. The Court's ability to decide whether "John Doe" should be able to proceed anonymously in this case would be interfered with if the names in the documents requested to be sealed were disclosed and anonymity was obviated before the Court had a chance to decide the Motion. Defendants contend that the injury that will result if sealing is denied is *not* that "John Doe's" and his family's actual names would be disclosed, because Defendants do not believe any injury will result if the names

are disclosed. Rather, the injury lies in the Court's inability to freely decide a motion pending before it.

### C. Why A Less Restrictive Alternative To Sealing Is Not Sufficient

Defendants are not aware of a less restrictive alternative to sealing the subject documents, as they contain the names that "John Doe" wishes to prevent disclosure of in this case.

### CONCLUSION

For these reasons, the subject documents should be filed under seal and maintained in that status until the request by "John Doe" to proceed anonymously has been decided.

Date: September 18, 2025                    STRUCTURE LAW GROUP, LLP

By: _____
Jon Michaelson, Esq.
Attorneys for Defendants Vaidya Priyanka,
Aum Ayurveda, and Aum Sacred Art, LLC